UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

FILED
MAY 3 0 2012
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 12 CR 50027 |
| v. | ) | |
| | ) | Judge Phillip G. Reinhard |
| RITA A. CRUNDWELL | ) | |

## PROTECTIVE ORDER DIRECTING THE INTERLOCUTORY SALE OF CERTAIN PROPERTY

This matter coming before the Court on the government's motion for entry of a protective order directing the interlocutory sale of certain property pursuant to the provisions of Title 21, United States Code, Section 853(e)(1)(A), as incorporated by Title 28, United States Code, Section 2461(c), and the Court being fully advised finds as follows:

(a) On May 1, 2012, a federal grand jury returned an indictment charging defendant RITA A. CRUNDWELL with wire fraud, in violation of Title 18, United States Code, Section 1343.

(b) The indictment seeks forfeiture to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), of any and all right, title, and interest the defendant may have in any property constituting and derived from the proceeds traceable to the wire fraud violation, including but not limited to:

1. the single family residence located at 1679 U.S. Route 52, Dixon, Illinois;

2. the horse farm property located at 1556 Red Brick Road, Dixon, Illinois;

3. a single family residence located at 1403 Dutch Road, Dixon, Illinois;

4. approximately 80 acres of vacant land located in Lee County, Illinois with Lee County property identification number 14-09-07-100-014; and

5. a single family residence located at 821 East Fifth Street, Englewood, Florida;

(c) Defendant RITA A. CRUNDWELL is the record owner of the foregoing real properties;

(d) To preserve its interest in the real properties, the United States recorded *lis pendens* notices with the Lee County, Illinois Recorder's Office or Charlotte County, Florida, Recorder's Office against each of the real properties;

(e) There are two outstanding mortgages secured by the Dutch Road property, the first recorded December 6, 2007 with the Lee County Clerk and assigned document number 2007008620 and the second recorded March 26, 2010 with the Lee County Clerk and assigned document number 2010001402. The mortgages and notes are held by the First National Bank of Amboy. The sole borrower identified in the mortgages and notes is defendant RITA A. CRUNDWELL.

(f) The United States requests action by this Court because financial responsibilities relating to the subject properties are burdensome and the defendant does not have the means to meet the obligations. The financial responsibilities include but are not limited to the mortgages secured by the Dutch Road property; regular care and maintenance of all the subject real properties, including buildings and grounds; and payment of the utility bills at each of the subject real properties. Additionally, there are crops located at the Dutch Road property and 80 acres of vacant land that

require care and maintenance. Moreover, permitting the sale of the properties now would increase the amount, after satisfaction of obligations, that will be available for forfeiture to the United States upon conviction[1];

(g) Pursuant to 21 U.S.C. § 853, this Court has jurisdiction to enter orders or to take other action to preserve and to protect property to insure that the property or its equity will be available for forfeiture in the event of conviction;

(h) Title 21, United States Code, Section 853(e)(1) provides in pertinent part:

> Upon application of the United States, the Court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property described in subsection (a) of this section for forfeiture under this section -
>
> > (A) upon the filing of an indictment or information charging a violation of this subchapter or subchapter II of this chapter for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section.

(i) Accordingly, in order to preserve the availability of the equity in the property subject to forfeiture, the United States, along with defendant RITA A. CRUNDWELL, agree to the interlocutory sale of the property by the United States Marshals Service, and agree that the proceeds from the sales, after payment of certain verifiable costs, be retained in an escrow account maintained by the United States Marshals Service, pending further order of this Court.

(j) The United States requests that, pending sale of the foregoing real

---

[1] The government intends to seek to have the proceeds from any forfeitures in this case applied to restitution.

properties, the United States Marshals Service be permitted access to the real properties for the limited purpose of securing the premises and taking whatever steps are necessary to prepare the properties for sale and preserve the value of the properties for forfeiture. Specifically, the government requests that this Court enter an order that allows the United States Marshals Service to secure the subject properties as necessary, with the assistance of defendant RITA A. CRUNDWELL, including but not limited to the making of arrangements to continue the utility services at the foregoing real properties, caring for the crops and farm land at the Dutch Road property and the 80 acres of vacant land, changing the locks, and entering the properties, to secure the properties and prepare them for sale. If any of the subject properties are occupied by tenants, with the agreement of the United States Marshal Service, the tenants may remain in the property upon execution of an occupancy agreement;

(k) The United States further requests that to the extent the United States Marshals Service incurs certain costs, the United States Marshals Service be permitted to deduct from the proceeds of the sale of the properties, any reasonable and necessary costs incurred to effectuate the sale of the properties and costs incurred to maintain the properties, if any, pending sale.

Accordingly, it is hereby ORDERED, ADJUDGED, AND DECREED:

1. That, the agreed motion for entry of a protective order allowing the interlocutory sale of the foregoing properties shall be sold at the direction of the United States Marshals Service; it is further ordered,

2. That, the proceeds from the sales of the subject properties, after the

payment of verifiable costs, shall be retained in the United States Marshals Service Seized Assets Deposit Fund pending further order of this Court; it is further ordered,

3. That, United States Marshal Service shall be permitted access to the real properties to secure the properties and prepare them for sale and defendant shall execute any documents necessary to effectuate the interlocutory sale of the properties; it is further ordered,

4. That, the United States Marshals Service shall assume any leases pertaining to the crops and farm land located at the Dutch Road property and the 80 acres of vacant land; it is further ordered,

5. That, the United States Marshal Service may incur certain costs and shall be permitted to deduct from the proceeds of the sale of the subject properties any reasonable and necessary costs incurred to effectuate the sales of properties and to maintain the properties, if any, pending sale; it is further ordered,

6. This Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this protective order directing the interlocutory sale of the above-identified real property.

_____
PHILLIP G. REINHARD
United States District Judge

DATED: 5/30/12