UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 12 CR 50027 |
| v. | ) | |
| | ) | Judge Phillip G. Reinhard |
| RITA A. CRUNDWELL | ) | Magistrate P. Michael Mahoney |

**AGREED PROTECTIVE ORDER DIRECTING THE INTERLOCUTORY
<u>SALE OF CERTAIN PROPERTY</u>**

This matter coming before the Court on the government's motion for entry of an agreed protective order directing the interlocutory sale of certain property pursuant to the provisions of Title 21, United States Code, Section 853(e)(1)(A), as incorporated by Title 28, United States Code, Section 2461(c), and the Court being fully advised finds as follows:

(a) On May 1, 2012, a federal grand jury returned an indictment charging defendant RITA A. CRUNDWELL with wire fraud, in violation of Title 18, United States Code, Section 1343;

(b) The indictment seeks forfeiture to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), of any and all right, title, and interest the defendant may have in certain property constituting and derived from the proceeds traceable to the wire fraud violation;

(c) On September 10, 2012, the United States filed a bill of particulars seeking forfeiture to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), of any and all right, title, and interest the defendant may have in the following property, more fully described on the attached inventory:

(a) personal property located at 1679 U.S. Route 52, Dixon, Illinois;

(b) personal property located at 1556 Red Barn Road, Dixon, Illinois;

(c) personal property located at 821 East Fifth, Englewood, FL;

(d) vehicles;

(e) miscellaneous tack items; and

(f) frozen horse semen in the care of Dr. Tim Strathman, Rockford, Illinois.

(d) The United States requests action by this Court to preserve the *status quo*, so that, upon entry of a judgment of forfeiture, the United States will be able to satisfy any judgment of forfeiture with property believed to be proceeds of the charged wire fraud offense. The property listed on the attached inventory and in the bill of particulars has been identified by the government and defendant RITA CRUNDWELL as personal property subject to forfeiture in the pending matter;

(e) Pursuant to 21 U.S.C. § 853, this Court has jurisdiction to enter orders or to take other action to preserve and to protect property to insure that the property or its equity will be available for forfeiture in the event of conviction;

(f) Title 21, United States Code, Section 853(e)(1) provides in pertinent part:

> Upon application of the United States, the Court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property described in subsection (a) of this section for forfeiture under this section -
>
> > (A) upon the filing of an indictment or information charging a violation of this subchapter or subchapter II of this chapter for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would, in the event of

conviction, be subject to forfeiture under this section;

(g) Accordingly, in order to preserve the availability of the equity in the property subject to forfeiture, the United States, along with defendant RITA A. CRUNDWELL, seeks the interlocutory sale of the property by the United States Marshals Service. There is a live auction scheduled to occur on September 23 and 24 in Dixon, Illinois, pursuant to an interlocutory sale order for horses subject to forfeiture in the related civil case *United States v. Have Faith in Money . . ., et al.*, 12 C 50153. The United States requests that the United States Marshals Service be allowed to sell the subject personal property in any manner that will maximize proceeds, including at the scheduled live auction;

(h) The United States requested that, pending sale of the foregoing property, the United States Marshals Service, Federal Bureau of Investigation, or their contracted personnel be permitted access to the property for the limited purpose of securing the property and taking whatever steps are necessary to prepare the property for sale and preserve the value of the property for forfeiture;

(i) The United States further requested that to the extent the United States Marshals Service incurs certain costs, the United States Marshals Service be permitted to deduct from the proceeds of the sale of the property any reasonable and necessary costs incurred to effectuate the sale of the property and costs incurred to maintain the property, if any, pending sale.

Accordingly, it is hereby ORDERED, ADJUDGED, AND DECREED:

1. That, the agreed motion for entry of a protective order allowing the

interlocutory sale of certain personal property is granted; it is further ordered,

2. That, the subject property, more fully described on the attached inventory, shall be sold at the direction of the United States Marshals Service; it is further ordered,

3. That, the proceeds from the sale of the subject property, after the payment of verifiable costs, shall be retained in the United States Marshals Service Seized Assets Deposit Fund pending further order of this Court; it is further ordered,

4. That, United States Marshal Service, Federal Bureau of Investigation, and their contracted personnel shall be permitted access to the property to secure the property and prepare it for sale; it is further ordered,

5. That, the United States Marshal Service may incur certain costs and shall be permitted to deduct from the proceeds of the sale of the subject property any reasonable and necessary costs incurred to effectuate the sale of property and to maintain the property, if any, pending sale; it is further ordered,

6. This Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this protective order directing the interlocutory sale of the above-identified property.

P. MICHAEL MAHONEY
United States Magistrate Judge

DATED: 9/17/2012