UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

UNITED STATES OF AMERICA )
 ) Case No. 12 CR 50027
v. )
 ) Judge Phillip G. Reinhard
RITA A. CRUNDWELL ) Magistrate P. Michael Mahoney

**FILED NOV 07 2012 MAGISTRATE JUDGE P. MICHAEL MAHONEY United States District Court**

## AGREED PROTECTIVE ORDER DIRECTING THE INTERLOCUTORY SALE OF CERTAIN PROPERTY

This matter coming before the Court on the government's motion for entry of an agreed protective order directing the interlocutory sale of certain property pursuant to the provisions of Title 21, United States Code, Section 853(e)(1)(A), as incorporated by Title 28, United States Code, Section 2461(c), and the Court being fully advised finds as follows:

(a) On May 1, 2012, a federal grand jury returned an indictment charging defendant RITA A. CRUNDWELL with wire fraud, in violation of Title 18, United States Code, Section 1343;

(b) The indictment seeks forfeiture to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), of any and all right, title, and interest the defendant may have in certain property constituting and derived from the proceeds traceable to the wire fraud violation;

(c) On September 17, 2012, the United States filed a bill of particulars seeking forfeiture to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), of any and all right, title, and interest the defendant may have in certain personal property, vehicles, and tack items located at 1679 U.S. Route 52,

Dixon, Illinois, 1556 Red Brick Road, Dixon, Illinois[1], and 821 East Fifth, Englewood, FL;

(d) On September 17, 2012, this Court entered an Agreed Protective Order directing the interlocutory sale of the property named in the forfeiture allegations of the indictment and in the bill of particulars;

(e) On November 6, 2012, the United States filed an amended bill of particulars which removed certain items that were listed in the Bill of Particulars filed on September 17, 2012. Also on November 6, 2012, the United States filed a second bill of particulars seeking forfeiture to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), of any and all right, title and interest the defendant may have in the following additional property not previously listed in the forfeiture allegations of the indictment, in the first bill of particulars, or in the amended bill of particulars:

1. additional personal property located at 1679 U.S. Route 52, Dixon, Illinois, including miscellaneous household items such as artwork, furniture, electronics, appliances, tools, and decorations;

2. all laboratory equipment seized from 1556 Red Brick Road, Dixon, Illinois;

3. additional horse related property located at 1679 U.S. Route 52, Dixon, Illinois, including hay feeders, pens, arenas, stalls, and mats;

4. additional personal property located at 1556 Red Brick Road, Dixon, Illinois, including miscellaneous items such as furniture,

---

[1] The first Bill of Particulars mistakenly listed the address as 1556 Red Barn Road, Dixon, Illinois.

electronics, appliances, tools, and decorations;

5. additional horse related property located at 1556 Red Brick Road, Dixon, Illinois, including feeders, pens, arenas, stalls, and mats;

6. one 1995 Dodge Ram 1500 Pickup, VIN: 1B7HF16Y9SS108659; and

7. additional tack items including saddles, halters, leads, bridles, bits, reigns, ropes, blankets, hoods, and collars;

(f) The United States requested action by this Court to preserve the *status quo*, so that, upon entry of a judgment of forfeiture, the United States will be able to satisfy any judgment of forfeiture with property believed to be proceeds of the charged wire fraud offense. The property listed on the amended and second bills of particulars has been identified by the government and defendant RITA CRUNDWELL as personal property subject to forfeiture in the pending matter;

(g) Specifically, the United States requested that the United States Marshals Service be allowed to sell the subject personal property in any manner that will maximize proceeds;

Accordingly, it is hereby ORDERED, ADJUDGED, AND DECREED:

1. That, pursuant to Title 21, United States Code, Section 853(e)(1), and incorporated by Title 28, United States Code, Section 2461(c), the agreed motion for entry of a protective order allowing the interlocutory sale of additional personal property is granted; it is further ordered,

2. That, the property identified in the Amended Bill of Particulars and Second Bill of Particulars shall be sold at the direction of the United States Marshals

Service. It is further ordered,

3. That, the proceeds from the sale of the subject property, after the payment of verifiable costs, shall be retained in the United States Marshals Service Seized Assets Deposit Fund pending further order of this Court; it is further ordered,

4. That, United States Marshal Service, Federal Bureau of Investigation, and their contracted personnel shall be permitted access to the property to secure the property and prepare it for sale; it is further ordered,

5. That, the United States Marshal Service may incur certain costs and shall be permitted to deduct from the proceeds of the sale of the subject property any reasonable and necessary costs incurred to effectuate the sale of property and to maintain the property, if any, pending sale; it is further ordered,

6. This Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this protective order directing the interlocutory sale of the above-identified property.

P. MICHAEL MAHONEY
United States Magistrate Judge

DATED: 11/6/12